UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

-against-

NATIVE AMERICAN ENERGY GROUP, INC., JOSEPH D'ARRIGO, and DAVID HUDZIK,

Defendants,

-and-

LISA D'ARRIGO and LORRAINE ALEJANDRO,

Relief Defendants.

**MEMORANDUM & ORDER**
**23-CV-4455 (NGG) (PK)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Securities and Exchange Commission (the "SEC") instituted this action on June 16, 2023 against Defendants Native American Energy Group, Inc. ("NAEG"), Joseph D'Arrigo, and David Hudzik (collectively, "Defendants") and Relief Defendants Lisa D'Arrigo and Lorraine Alejandro (collectively, "Relief Defendants"). (Compl. (Dkt. 1) at 1.) The SEC moved for default judgment against NAEG and D'Arrigo on January 30, 2026 (SEC Mot. for Default J. Against Defs.' NAEG & D'Arrigo (Dkt. 67); Mem. in Supp. of Mot. for Default J. (Dkt. 68); Decls. in Supp. of Mot. (Dkts. 69, 70).) That motion was referred to Magistrate Judge Kuo for a Report and Recommendation ("R&R") on February 3, 2026. (Order Referring Mot. Dated 2/3/2026.) Magistrate Judge Kuo issued her Report and Recommendation on September 14, 2026 (the "R&R"), recommending that the court grant the default judgment motion. (R&R (Dkt. 78).) For the reasons explained below, the court agrees and ADOPTS the R&R subject to two amendments, and GRANTS the SEC default judgment as to NAEG and Defendant D'Arrigo.

## I. FACTUAL BACKGROUND

The SEC alleges that between October 2014 and August 2020, Defendants[1] made "material misrepresentations" to investors when offering NAEG common stock, and unlawfully offered and sold the stock without a registration statement as was required under the federal securities laws. (Compl. ¶ 1.) During that period, NAEG raised at least $3.43 million from at least 100 investors across the country. (*Id.*) Defendants solicited investors with a misleading subscription agreement that described the subscription as an "investment in the Company." (*Id.* ¶ 2.) In reality, Defendant D'Arrigo—the Chief Executive Officer of NAEG—and the NAEG's stock salespersons pocketed approximately 70 percent of the funds raised from investors. (*Id.* ¶ 2.) Defendant Hudzik, one such stock salesperson and a consultant for NAEG from January 2017 through December 2018, falsely told investors that he would only receive a commission on any profits earned *after* an investor sold their NAEG shares. (*Id.* ¶ 3.) However, Defendant Hudzik allegedly received commissions of 20 to 30 percent within days of the investments he sold. (*Id.*) Those

[1] The SEC has ended the cases against all Defendants and Relief Defendants except NAEG and Defendant D'Arrigo over the past nine months. The SEC settled with Defendant Hudzik and this court approved the final order on December 11, 2025, imposing similar penalties to those imposed here. (Final J. as to David Hudzik (Dkt. 63).) The SEC filed a joint stipulation to dismiss the unjust enrichment claim against Relief Defendant Alejandro on January 20, 2026, which this court So-Ordered on January 29, 2026. (Stip. of Dismissal as to Lorraine Alejandro (Dkt. 65); So-Ordered Stip. of Dismissal as to Lorraine Alejandro (Dkt. 66).) This court also granted the SEC's motion to dismiss all claims against Relief Defendant Lisa D'Arrigo with prejudice on April 24, 2026. (Order Dismissing Claims Against Relief Def. Lisa D'Arrigo (Dkt. 77).) Therefore, the only Defendants left in the case are NAEG and Defendant Joseph D'Arrigo, which this default judgment motion resolves. Nonetheless, the court includes here the allegations against all Defendants and Relief Defendants for the sake of completeness.

commissions were delivered to Defendant Hudzik's romantic partner, Relief Defendant Alejandro. (*Id.*)

Defendant D'Arrigo also allegedly misappropriated approximately $958,500 in investor proceeds for his personal benefit: withdrawing cash for himself; wiring money to himself and his wife, Relief Defendant D'Arrigo; paying personal credit card bills; and making numerous purchases at restaurants, gas stations, grocery stores, drug stores, and other retailers. (*Id.* ¶ 4.)

Defendants also allegedly violated registration provisions of the securities laws by offering and selling NAEG common stock to investors when no registration statement was in effect and no exemption from registration applied. (*Id.* ¶ 5.) Specifically, the Complaint alleges that NAEG, Defendant D'Arrigo, and Defendant Hudzik violated Sections 5(a) and (c) and 17(a) of the Securities Act of 1933 [15 U.S.C. §§ 77e(a), 77e(c), and 77q(a)] (the "Securities Act"), Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] (the "Exchange Act"), and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], and that Defendant Hudzik also violated Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)]. (*Id.* ¶ 6.) The complaint also alleges a count of unjust enrichment against the Relief Defendants, which is not at issue here. (*Id.* ¶¶ 72-76.)

## II. PROCEDURAL BACKGROUND

For months, Defendant D'Arrigo, who appeared *pro se* at several hearings before Magistrate Judge Kuo, made representations that he anticipated either acquiring funds to defend himself and NAEG or was in the process of settling the case. (*See, e.g.*, Minute Entry Dated 10/26/2023; *see also* Minute Entry Dated 2/15/2024.) Such funding never materialized and neither Defendant D'Arrigo nor NAEG ever retained counsel. During a status conference before Magistrate Judge Kuo on October 23, 2024, Defendant D'Arrigo was explicitly and repeatedly warned

that failure to comply with discovery requests from the SEC could be grounds for a default being entered against him. (Minute Entry & Order Dated 10/23/2024.) On November 11, 2024, Magistrate Judge Kuo issued an order to show cause as to why Defendant D'Arrigo should not be found in default for failure to comply with discovery orders. (Order to Show Cause Dated 11/22/2024.) At the subsequent Show Cause Hearing, Magistrate Judge Kuo found that Defendant D'Arrigo, who did not appear at the hearing, was in default. (Minute Entry & Order Dated 12/13/2024.) The Clerk of Court also entered a default judgment against NAEG on September 26, 2025, (Clerk's Entry of Default as to NAEG (Dkt. 57)), because NAEG had failed to appear despite the court informing Defendant D'Arrigo and stating on the record that NAEG was legally required to retain counsel and could not be represented by Defendant D'Arrigo, (*see, e.g.*, Minute Entry Dated 2/15/2024; Tr. of Proc. Held on Feb. 15, 2024 (Dkt. 35), at 2:19-25 ("As I reminded defendant [D'Arrigo] previously, an entity needs to have counsel in order to appear in federal court. . . . [If] you're appearing and representing yourself individually, that's fine, but Native American Energy Group needs to have counsel.").)

On November 24, 2025, the SEC requested a certificate of default from the Clerk of Court as to Defendant D'Arrigo. (SEC Req. for Cert. of Default as to Def. D'Arrigo (Dkt. 59).) The Clerk of Court entered the Certificate of Default on December 1, 2025. (Clerk's Entry of Default as to Def. D'Arrigo (Dkt. 62).) The SEC then moved for default judgment against NAEG and Defendant D'Arrigo on January 1, 2026. (SEC Mot. for Default J. Against Defs.' NAEG & D'Arrigo; Mem. in Supp. of Mot. for Default J.; Decls. in Supp. of Mot.) That motion was referred to Magistrate Judge Kuo for a Report and Recommendation on February 3, 2026. (Order Referring Mot. Dated 2/3/2026.)

Judge Kuo issued the R&R on the default judgment motions on September 14, 2026, recommending that the court grant the default judgment motions. (*See generally* R&R.) Specifically, Judge Kuo recommended the court grant the following relief: (i) a permanent injunction enjoining the Defaulting Defendants from future violations of the laws they are alleged to have violated; (ii) an order that D'Arrigo disgorge $958,437.27, representing the ill-gotten gains he derived from his violative activities, plus $282,865.65 in prejudgment interest; (iii) an order that D'Arrigo pay a civil monetary penalty of $958,437.27; and (iv) an order imposing a permanent penny stock and officer and director bar against D'Arrigo. (*Id.*) The court now ADOPTS the holdings and conclusions of this R&R, with minor clarifications as to the applicable legal standards as detailed below.

## I. STANDARD OF REVIEW

In reviewing a report and recommendation, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the district court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed R. Civ. P. 72(b) advisory committee's note to 1983 amendment; *see also Colvin v. Berryhill*, 734 F. App'x 756, 758 (2d Cir. 2018) (summary order) ("[Where] a party receives clear notice of the consequences of not objecting to a report and recommendation, the party's failure to object to any purported error or omission in a magistrate judge's report results in the district court's review only for clear error.").[2] Clear error is "found only when, upon review of the entire record, the [c]ourt is left with

[2] When quoting cases, unless otherwise noted, all citations and internal quotation marks are omitted, and all alterations are adopted.

'the definite and firm conviction that a mistake has been committed.'" *See United States v. Veeraswamy*, 765 F. Supp. 3d 168, 180 (E.D.N.Y. 2025) (quoting *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006)).

## II. DISCUSSION

No party has objected to the R&R, and the time to do so has passed. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Therefore, the court reviews the R&R for clear error. *See Colvin*, 734 F. App'x at 758. The court finds no clear error in the ultimate conclusions of the R&R, and adopts its findings in sum and substance. However, the court notes two minor errors in citation and clarifies the applicable case law in one section of the R&R.

### A. Anti-Fraud Provision Analysis

#### 1. Discussion of Scienter

The court adopts in full the ultimate finding of Magistrate Judge Kuo that NAEG and Defendant D'Arrigo acted with scienter. That said, it notes that this finding is based in part on the proposition that "[r]epresenting information as true while knowing it is not, recklessly misstating information, or asserting an opinion on grounds so flimsy as to belie any genuine any genuine belief in its truth, are all circumstances sufficient to support a conclusion of scienter." (R&R at 13.) This proposition is correct, but is mistakenly attributed to *Ganino v. Citizens Utils. Co.*, 228 F.3d 154 (2d. Cir 2000). Support for this proposition can be found instead in *Sec. & Exch. Comm'n v. Schoengood*, 2023 WL 7000984, at *8 (E.D.N.Y. Jan. 9, 2023). Likewise, the finding that NAEG and Defendant D'Arrigo acted with scienter "because they 'represent[ed] information as true while knowing it [was] not," (R&R at 13), is supported by a citation to *Ganino*, but actually quotes *Schoengood*. *See Schoengood*, 2021 WL 7000984, at *8.

Judge Kuo's legal analysis and findings in this section of the opinion are otherwise thoughtful and well-reasoned. The court adopts this portion of the R&R in full subject to this adjustment.

2. Discussion of the "in Connection with" Element

The court also briefly notes that the R&R cites *United States v. Naftalin*, 441 U.S. 768 (1979), for the proposition that the required element that a defendant's actions were done "'in connection with the purchase or sale of securities' is established 'where plaintiff's claims 'necessarily allege,' 'necessarily involve,' or 'rest on' the purchase or sale of securities.'" (R&R at 14.) However, this proposition is actually found in *Romano v. Kazacos*, 609 F.3d 512, 522 (2d Cir. 2010).

It is true that *Romano* dealt with the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), not the statutes at issue here. However, the analysis does not differ because "[w]hen considering this element of SLUSA, courts are guided by interpretations of the 'in connection with' phrase in securities fraud actions brought pursuant to Section 10 and Rule 10b–5 of the Securities Act of 1934." *Montoya v. New York State United Tchrs.*, 754 F. Supp. 2d 466, 474 (E.D.N.Y. 2010). And, in any event, the "Supreme Court has held that the 'in connection with' element is a broad and flexible standard and that any activity touching the sale of securities' will suffice" when analyzing claims under the Securities Act and Exchange Act, too. *Sec. & Exch. Comm'n v. Kokorich*, 663 F. Supp. 3d 63, 81 (D.D.C. 2023) (quoting *Superintendent of Ins. v. Bankers Life & Cas. Co.*, 404 U.S. 6, 12–13 (1971)).

Again, besides this minor error in citation, Judge Kuo's recommendations here are sound and well-grounded. The court thus adopts them in full, subject to this modification.

### B. Permanent Injunction Standard

Last, the court amends the R&R with respect to the standard for granting a permanent injunction. Permanent injunctions are a type of relief offered by the Securities Act in Sections 20(b) and 20(e), as well as in the Exchange Act in Section 21(d). *See* 15 U.S.C. §§ 77t(b),77t(e) (Securities Act); 15 U.S.C. § 78u(d) (Exchange Act). In other words, they are within the court's equitable powers and can be granted in this case.

However, when discussing the permanent injunction that the court agrees should be granted, the R&R mistakenly cites the statutory language and case law arising from the Commodity Exchange Act (the "CEA") instead of the relevant standards under the statutes at issue here. (*See* R&R at 16 (citing 7 U.S.C. § 13a-1 (Section 6(c) of the CEA), as well as five cases arising out of Commodity Futures Trading Commission actions brought to enforce the CEA).)

The court amends the R&R to clarify the standards that must be met for a permanent injunction under the Securities Act and Exchange Act. First, as discussed above, "[p]ermanent injunctive relief is authorized under Section 20(b) of the Securities Act and Section 21(d) of the Exchange Act. . . . To obtain a permanent injunction, the SEC must show that there is a reasonable likelihood of future violations of the securities laws." *Sec. & Exch. Comm'n v. Collector's Coffee, Inc.*, 2025 WL 752221, at *21 (S.D.N.Y. Mar. 10, 2025) (*citing Sec. & Exch. Comm'n v. Carrillo Huettel LLP*, 2017 WL 213067, at *6 (S.D.N.Y. Jan. 17, 2017)).

Second, the standard required to obtain this relief under the Securities Act and the Exchange Act is the same as the standard under the CEA cited in the R&R. Both require a "showing that (1) violations of the securities laws have occurred and (2) a reasonable likelihood exists that violations will occur in the future." *Sec. & Exch. Comm'n v. Page*, 2024 WL 4468040, at *12 (E.D.N.Y. Sept. 13, 2024), *report and recommendation adopted*, 2024 WL

4467371 (E.D.N.Y. Oct. 10, 2024). (*Accord* R&R at 16 (quoting *CFTC v. Commodity Inv. Grp.*, 2006 WL 353466, at *1 (S.D.N.Y. Feb. 11, 2006) for the same standard).)

The first prong is evidently met here.

With respect to the second prong, the R&R cites the CEA and case law interpreting the CEA as opposed to the Securities and Exchange Acts and related case law. (*See* R&R at 16.) However, because the CEA and Securities and Exchange Acts standards are identical, the court is still able to adopt the R&R's central findings. Namely, in the context of the Securities and Exchange Acts, a "district court may properly infer a likelihood of future violations from the defendant's past unlawful conduct." *Sec. & Exch. Comm'n v. Shkreli*, 2022 WL 541792, at *10 (E.D.N.Y. Feb. 23, 2022). This is the same standard used in the CEA case law cited in the R&R. (*See* R&R at 16 (quoting *CFTC v. Kelly*, 736 F. Supp. 2d 801, 804 (S.D.N.Y. 2010), for the proposition that a "district court may infer the likelihood of future violations from the defendants' past unlawful conduct").)

Since, in the end, the analysis remains unchanged, the court adopts Judge Kuo's findings but does so pursuant to the standard as set out by *Shkreli* for a ruling under the relevant statutes. As Judge Kuo astutely observed, NAEG and Defendant D'Arrigo's conduct clearly violated the Securities Act and Exchange Act and had "reoccur[ed] over the course of more than five years." (R&R at 16-17.) She correctly found that the facts indicated this behavior was likely to continue "absent permanent injunctions" due to Defendant D'Arrigo's position at NAEG, his lack of contrition, and his failure to comply with the court's orders to engage in discovery and other proceedings. (*Id.*) In sum, the court agrees that the past unlawful conduct engaged in by NAEG and Defendant D'Arrigo clearly indicates a likelihood of future violation, such that permanent injunctive relief is appropriate.

## III. CONCLUSION

For the foregoing reasons, the R&R is ADOPTED subject to the court's discussion above. Defendants Native American Energy Group, Inc. and Joseph D'Arrigo are hereby ENJOINED from future violations of the laws they are alleged to have violated, as detailed in the attached Order; D'Arrigo is ORDERED to disgorge $958,437.27, representing the ill-gotten gains he derived from his violative activities, plus $282,865.65 in prejudgment interest; D'Arrigo is ORDERED to pay a civil monetary of $958,437.27; and D'Arrigo is PERMANENTLY BARRED from serving as a director or officer of a public company and from offering penny stock. The Clerk of Court is respectfully DIRECTED to close the case.

SO ORDERED.

Dated: Brooklyn, New York
September 22, 2026

s/Nicholas G Garaufis, USDJ
NICHOLAS G. GARAUFIS
United States District Judge